UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **AMGEN INC. and AMGEN MANUFACTURING, LIMITED,**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**SANDOZ INC., SANDOZ INTERNATIONAL GMBH, and SANDOZ GMBH,**<br><br>**Defendants.** | Case No. 3:14-cv-04741-RS<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Sandoz Inc., Amgen Inc., and Amgen Manufacturing, Limited hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS
sd-651529

1

1  information or items that are entitled to confidential treatment under the applicable legal

2  principles. The parties further acknowledge, as set forth in Section 14.3, below, that this

3  Stipulated Protective Order does not entitle them to file confidential information under seal; Civil

4  Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

5  applied when a party seeks permission from the court to file material under seal.

6  2.    DEFINITIONS

7      2.1    BLA Material:  an application submitted to the Secretary of Health and Human

8  Services pursuant to section 351of the Public Health Service Act and such other information that

9  describes the process or processes used to manufacture or characterize the biological product that

10  is the subject of such applications, along with any amendments or drafts thereof.

11      2.2    Challenging Party: a Party or Non-Party that challenges the designation of

12  information or items under this Order.

13      2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is

14  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

15  of Civil Procedure 26(c).

16      2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

17  well as their support staff).

18      2.5    Designated House Counsel: House Counsel who seek access to "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

20      2.6    Designating Party: a Party or Non-Party that designates information or items that it

21  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – BLA

23  MATERIAL.

24      2.7    Disclosure or Discovery Material: all items or information, regardless of the

25  medium or manner in which it is generated, stored, or maintained (including, among other things,

26  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

27  responses to discovery in this matter.

28      2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to

1  the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

2  as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

3  competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

4  or of a Party's competitor.

5      2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

6  Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

7  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

8  less restrictive means.

9      2.10    "HIGHLY CONFIDENTIAL – BLA MATERIAL" Information or Items:

10  extremely sensitive "Confidential Information or Items" consisting of BLA Material, disclosure

11  of which to another Party or Non-Party would create a substantial risk of serious harm that could

12  not be avoided by less restrictive means.

13      2.11    House Counsel: attorneys who are employees of a party to this action. House

14  Counsel does not include Outside Counsel of Record or any other outside counsel.

15      2.12    Non-Party: any natural person, partnership, corporation, association, or other legal

16  entity not named as a Party to this action.

17      2.13    Outside Counsel of Record: attorneys who are not employees of a party to this

18  action but are retained to represent or advise a party to this action and have appeared in this action

19  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party,

20  as well as support staff for such attorneys.

21      2.14    Party: any party to this action, including all of its officers, directors, employees,

22  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

23      2.15    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

24  Material in this action.

25      2.16    Professional Vendors: persons or entities that provide litigation support services

26  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

27  organizing, storing, or retrieving data in any form or medium) and their employees and

28  subcontractors.

2.17 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or as "HIGHLY CONFIDENTIAL – BLA MATERIAL."

2.18 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Subsection 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – BLA MATERIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS
sd-651529

5

1    being asserted.

2          A Party or Non-Party that makes original documents or materials available for inspection

3    need not designate them for protection until after the inspecting Party has indicated which

4    material it would like copied and produced. During the inspection and before the designation, all

5    of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

7    copied and produced, the Producing Party must determine which documents, or portions thereof,

8    qualify for protection under this Order. Then, before producing the specified documents, the

9    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – BLA

11   MATERIAL) to each page that contains Protected Material. If only a portion or portions of the

12   material on a page qualifies for protection, the Producing Party also must clearly identify the

13   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

14   each portion, the level of protection being asserted.

15         (b) for testimony given in deposition or in other pretrial or trial proceedings, all transcripts

16   shall be treated during the 30 day period after the deposition as if they are designated "HIGHLY

17   CONFIDENTIAL – BLA MATERIAL" in their entirety unless otherwise agreed. After the

18   expiration of that period, the transcripts shall be treated only as actually designated. Only those

19   portions of the testimony that are appropriately designated for protection within the 30 days shall

20   be covered by the provisions of this Stipulated Protective Order.

21         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

22   other proceeding to include Protected Material so that the other parties can ensure that only

23   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

24   (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

25   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

26   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – BLA

27   MATERIAL."

28         Transcripts containing Protected Material shall have an obvious legend on the title page

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS                                                          6
sd-651529

1   that the transcript contains Protected Material, and the title page shall be followed by a list of all

2   pages (including line numbers as appropriate) that have been designated as Protected Material and

3   the level of protection being asserted by the Designating Party. The Designating Party shall

4   inform the court reporter of these requirements.

5         (c) <u>for information produced in some form other than documentary and for any other</u>

6   <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container

7   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

9   BLA MATERIAL". If only a portion or portions of the information or item warrant protection,

10   the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify

11   the level of protection being asserted.

12         5.3   <u>Inadvertent Failures to Designate</u>. The inadvertent failure to designate qualified

13   information or items shall not waive the Designating Party's right to secure protection under this

14   Order for such material, provided that the Designating Party who fails to make such designation

15   inform the Receiving Party promptly but not more than fifteen (15) calendar days from when the

16   failure to designate first became known to the Designating Party.  Upon timely correction of a

17   designation, the Receiving Party must make reasonable efforts to assure that the material is

18   treated in accordance with the provisions of this Order.  The inadvertent failure to designate

19   qualified information or items shall not preclude the filing of a motion at a later date seeking to

20   impose such designation or challenging the propriety thereof.  Once the Receiving Party has been

21   informed of the inadvertent failure to designate pursuant to this Section, the Receiving Party shall

22   take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such

23   materials are returned promptly to the Producing Party or ensure that all copies of any such

24   materials are marked with the proper designation and used only as permitted under this Protective

25   Order.

26   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

27         6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

28   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding Subsection. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties

1  shall continue to afford the material in question the level of protection to which it is entitled under

2  the Producing Party's designation until the court rules on the challenge.

3  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

4      7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

5  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

6  defending, or attempting to settle this litigation or any appeal thereof. Such Protected Material

7  may be disclosed only to the categories of persons and under the conditions described in this

8  Order. When the litigation has been terminated, a Receiving Party must comply with the

9  provisions of Section 15 below (FINAL DISPOSITION).  Disclosure of "HIGHLY

10  CONFIDENTIAL – BLA MATERIAL" is further governed by Section 9 herein.

11      Protected Material must be stored and maintained by a Receiving Party at a location and

12  in a secure manner that ensures that access is limited to the persons authorized under this Order.

13      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

14  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

15  information or item designated "CONFIDENTIAL" only to:

16      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

17  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

18  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

19  is attached hereto as Exhibit A;

20      (b) the officers, directors, and employees (including House Counsel) of the Receiving

21  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

22  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

24  reasonably necessary for this litigation and who have signed the "Acknowledgment and

25  Agreement to Be Bound" (Exhibit A);

26      (d) the court and its personnel;

27      (e) court reporters and their staff, professional jury or trial consultants, and Professional

28  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2       (f) during their depositions, witnesses in the action to whom disclosure is reasonably

3  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

4  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

5  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

6  bound by the court reporter and may not be disclosed to anyone except as permitted under this

7  Stipulated Protective Order.

8       (g) the author or recipient of a document containing the information or a custodian or

9  other person who otherwise possessed or knew the information.

10       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

11  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

12  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

14       (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

15  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

16  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

17  is attached hereto as Exhibit A;

18       (b) No more than four Designated House Counsel of the Receiving Party (1) who have no

19  involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for

20  this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

21  A), and (4) as to whom the procedures set forth in Subsection 7.4(a)(1), below, have been

22  followed;

23       (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

24  litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

25  and (3) as to whom the procedures set forth in Subsection 7.4(a)(2), below, have been followed;

26       (d) the court and its personnel;

27       (e) court reporters and their staff, professional jury or trial consultants, and Professional

28  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

1 "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

2       (f) the author or recipient of a document containing the information or a custodian or other
3 person who otherwise possessed or knew the information.

4       7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL
5 – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – BLA MATERIAL"
6 Information or Items to Designated House Counsel or Experts.

7       (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating
8 Party, a Party that seeks to disclose to Designated House Counsel any information or item that has
9 been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to
10 Subsection 7.3(b) first must make a written request to the Designating Party that (1) sets forth the
11 full name of the Designated House Counsel and the city and state of his or her residence, and (2)
12 describes the Designated House Counsel's current and reasonably foreseeable future primary job
13 duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may
14 become involved, in any competitive decision-making. Any Designated House Counsel who
15 receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to
16 this Order shall disclose any relevant changes in job duties or responsibilities prior to final
17 disposition of the litigation to allow the Designating Party to evaluate any later-arising
18 competitive decision-making responsibilities.

19       (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating
20 Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item
21 that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
22 "HIGHLY CONFIDENTIAL – BLA MATERIAL" pursuant to Subsection 7.3(c) first must make
23 a written request to the Designating Party that (1) identifies the general categories of "HIGHLY
24 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – BLA
25 MATERIAL" information that the Receiving Party seeks permission to disclose to the Expert, (2)
26 sets forth the full name of the Expert and the city and state of his or her primary residence, (3)
27 attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)
28 identifies each person or entity from whom the Expert has received compensation or funding for

1    work in his or her areas of expertise or to whom the expert has provided professional services,

2    including in connection with a litigation, at any time during the preceding five years,[1] and (6)

3    identifies (by name and number of the case, filing date, and location of court) any litigation in

4    connection with which the Expert has offered expert testimony, including through a declaration,

5    report, or testimony at a deposition or trial, during the preceding five years.

6    (b) A Party that makes a request and provides the information specified in the preceding

7    respective subsections may disclose the subject Protected Material to the identified Designated

8    House Counsel or Expert unless, within five (5) business days of delivering the request, the Party

9    receives a written objection from the Designating Party. Any such objection must set forth in

10    detail the grounds on which it is based.

11    (c) A Party that receives a timely written objection must meet and confer with the

12    Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

13    agreement within seven days of the written objection. If no agreement is reached, the Party

14    seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

15    provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

16    seeking permission from the court to do so. Any such motion must describe the circumstances

17    with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

18    the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

19    suggest any additional means that could be used to reduce that risk. In addition, any such motion

20    must be accompanied by a competent declaration describing the parties' efforts to resolve the

21    matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

22    setting forth the reasons advanced by the Designating Party for its refusal to approve the

23    disclosure.

24    In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS                                                                              12
sd-651529

1  Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

2  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

3  Material to its Designated House Counsel or Expert.

4  8.      PROSECUTION AND FDA BAR

5       8.1      Absent written consent from the Producing Party, any individual who receives

6  access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

7  CONFIDENTIAL – BLA MATERIAL" information shall not be involved, formally or

8  informally, in the prosecution of patents or patent applications relating to or relevant to any

9  Granulocyte-Colony Stimulating Factor, including without limitation the patents asserted in this

10  action and any patent or application claiming priority to or otherwise related to the patents

11  asserted in this action, before any foreign or domestic agency, including the United States Patent

12  and Trademark Office. For purposes of this Section, "prosecution" includes directly or indirectly

13  drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2]

14  For clarification and to avoid any doubt, "prosecution" as used in this Section does not include

15  representing a party challenging a patent before a domestic or foreign agency (including, but not

16  limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).

17       8.2      Absent written consent from the Producing Party, any individual who receives

18  access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

19  CONFIDENTIAL – BLA MATERIAL" information shall not be involved, formally or

20  informally, in any communications or petitions submitted to the FDA relevant to or relating to

21  any Granulocyte-Colony Stimulating Factor including, but not limited to, the preparation of any

22  Citizen Petitions, except that any such individual may be involved communications with the

23  FDA, and preparing and responding to same, regarding the Citizens Petition that Amgen

24  submitted on October 29, 2014 and FDA considered filed on October 30, 2014. In such

25  communications, drafting, and reviewing, however, no such individual shall quote, cite, or refer

26

27

28  [2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS                                                    13
sd-651529

1   to any material subject to a confidentiality obligation under this Protective Order and not

2   otherwise known to that individual or to the Party on whose behalf that individual works.

3        8.3     This Prosecution and FDA Bar shall begin when access to "HIGHLY

4   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – BLA

5   MATERIAL" information is first received by the affected individual. The Prosecution Bar shall

6   end two (2) years after final termination of this action. The FDA Bar shall end one (1) year after

7   final termination of this action. This Prosecution and FDA Bar does not apply to employees or

8   counsel of the Producing Party who receive access to the "HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – BLA MATERIAL"

10  information belonging to the Producing Party.

11  9.    BLA MATERIAL

12       9.1     A Producing Party may designate BLA Material as "HIGHLY CONFIDENTIAL –

13  BLA MATERIAL" if it comprises or includes confidential, proprietary or trade secret BLA

14  Material.

15       9.2     Protected Material designated as "HIGHLY CONFIDENTIAL – BLA

16  MATERIAL" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY" information including the Prosecution and FDA Bar set forth in

18  Section 8. Unless otherwise ordered by the court or permitted in writing by the Designating

19  Party, a Receiving Party may disclose any information or item designated "HIGHLY

20  CONFIDENTIAL – BLA MATERIAL" only to:

21                    (a) The Receiving Party's Outside Counsel of Record in this action or

22  employees of said Outside Counsel of Record who have signed the "Acknowledgment and

23  Agreement to Be Bound" that is attached hereto as Exhibit A;

24                    (b) No more than three Designated House Counsel of the Receiving Party

25  (1) who have no involvement in competitive decision-making, (2) to whom disclosure is

26  reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and

27  Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in Subsection

28  7.4(a)(1), above, have been followed;

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS
sd-651529

14

1                (c)  No more than four Experts of the Receiving Party: (a) to whom

2   disclosure is reasonably necessary for this litigation, (b) who have signed the "Acknowledgment

3   and Agreement to Be Bound" (Exhibit A), and (c) as to whom the procedures set forth in

4   Subsection 7.4(a)(2) have been followed;

5                (d)  The court and its personnel;

6                (e)  Court reporters and their staff and Professional Vendors to whom

7   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

8   and Agreement to Be Bound" (Exhibit A).

9       9.3     Any BLA Material produced in discovery shall be made available in an electronic

10   format allowing it to be reasonably reviewed and searched.  Recipient shall host any BLA

11   Material at the offices of its Outside Counsel of Record, defined in Subsection 2.13 and/or any

12   data hosting Professional Vendor employed by said Outside Counsel of Record, provided that the

13   following restrictions shall apply:

14                (a)  Only Outside Counsel of Record (and their support staff), and

15   Designated House Counsel (and their support staff) as to whom the procedures set forth in

16   Subsection 7.4(a)(1) have been followed, shall have access to the BLA Material; and

17                (b)  The Receiving Party shall provide access to BLA Material produced

18   through a secured web-based interface configured so as to maintain a log of all access to such

19   information. The Receiving Party shall, within a reasonable period of time, provide a copy of this

20   log to the Producing Party upon request.

21   10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

22         LITIGATION

23       If a Party is served with a subpoena or a court order issued in other litigation that compels

24   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

25   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

26   BLA MATERIAL" that Party must:

27       (a) promptly notify in writing the Designating Party. Such notification shall include a

28   copy of the subpoena or court order;

1    (b) promptly notify in writing the party who caused the subpoena or order to issue in the

2    other litigation that some or all of the material covered by the subpoena or order is subject to this

3    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

4    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

5    Designating Party whose Protected Material may be affected.[3]

6    If the Designating Party timely seeks a protective order, the Party served with the

7    subpoena or court order shall not produce any information designated in this action as

8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

9    "HIGHLY CONFIDENTIAL – BLA MATERIAL" before a determination by the court from

10   which the subpoena or order issued, unless the Party has obtained the Designating Party's

11   permission. The Designating Party shall bear the burden and expense of seeking protection in that

12   court of its confidential material and nothing in these provisions should be construed as

13   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

14   another court.

15   11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

16          LITIGATION

17   11.1    The terms of this Order are applicable to information produced by a Non-Party in

18   this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – BLA MATERIAL". Such

20   information produced by Non-Parties in connection with this litigation is protected by the

21   remedies and relief provided by this Order. Nothing in these provisions should be construed as

22   prohibiting a Non-Party from seeking additional protections.

23   11.2    In the event that a Party is required, by a valid discovery request, to produce a

24   Non-Party's confidential information in its possession, and the Party is subject to an agreement

25

26   _____

27   [3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

28

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS                                                    16
sd-651529

1    with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

2          (a) promptly notify in writing the Requesting Party and the Non-Party that

3    some or all of the information requested is subject to a confidentiality agreement with a Non-

4    Party;

5          (b) promptly provide the Non-Party with a copy of the Stipulated Protective

6    Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

7    the information requested; and

8          (c) make the information requested available for inspection by the Non-Party.

9    11.3    If the Non-Party fails to object or seek a protective order from this court within 14

10   days of receiving the notice and accompanying information, the Receiving Party may produce the

11   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

12   seeks a protective order, the Receiving Party shall not produce any information in its possession

13   or control that is subject to the confidentiality agreement with the Non-Party before a

14   determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the

15   burden and expense of seeking protection in this court of its Protected Material.

16   12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18   Protected Material to any person or in any circumstance not authorized under this Stipulated

19   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

20   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

21   the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

22   made of all the terms of this Order, and (d) request such person or persons to execute the

23   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

24

25

26

27   [4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

28

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS                                                            17
sd-651529

13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Producing Party making the claim may notify any Receiving Party of the claim and the basis for it. After being notified, a Receiving Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. The Receiving Party may not use the information in connection with a dispute over the claim of privilege. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14. MISCELLANEOUS

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

1   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

2   Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

3   Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

4   79-5(e)(2) unless otherwise instructed by the court.

5   15.   FINAL DISPOSITION

6         Within 90 days after the final disposition of this action, as defined in Section 4, each

7   Receiving Party must return all Protected Material to the Producing Party or destroy such

8   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

9   compilations, summaries, and any other format reproducing or capturing any of the Protected

10   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

11   submit a written certification to the Producing Party (and, if not the same person or entity, to the

12   Designating Party) by the 90-day deadline that (1) identifies (by category, where appropriate) all

13   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

14   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

15   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

16   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

17   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

18   product, and consultant and expert work product, even if such materials contain Protected

19   Material. Any such archival copies that contain or constitute Protected Material remain subject to

20   this Protective Order as set forth in Section 4 (DURATION).

22         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

24   DATED: February 5, 2015    /s/Vernon M. Winters
                             Attorneys for Plaintiffs Amgen Inc., and
25                             Amgen Manufacturing, Limited

27   DATED: February 5, 2015    /s/Rachel Krevans
                             Attorneys for Defendant Sandoz Inc.

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   DATED: _February 9, 2015_ _____

4                            Honorable Maria-Elena James
                            United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS
sd-651529

20

1        <u>EXHIBIT A</u>

2     <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3        I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for

6   the Northern District of California on [date] in the case of *Amgen Inc. v. Sandoz Inc.,* Case

7   No. 3:14-cv-04741-RS. I agree to comply with and to be bound by all the terms of this Stipulated

8   Protective Order and I understand and acknowledge that failure to so comply could expose me to

9   sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

10  any manner any information or item that is subject to this Stipulated Protective Order to any

11  person or entity except in strict compliance with the provisions of this Order.

12       Applicable only to individuals who receive access to HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – BLA MATERIAL Information

14  or Items: As set forth in Section 8 in the above Protective Order, I shall not be involved, formally

15  or informally, in the prosecution of patents or patent applications relating to or relevant to any

16  Granulocyte-Colony Stimulating Factor, including without limitation the patents asserted in this

17  action and any patent or application claiming priority to or otherwise related to the patents

18  asserted in this action, before any foreign or domestic agency, including the United States Patent

19  and Trademark Office. For purposes of this paragraph, "prosecution" includes directly or

20  indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent

21  claims.[5] For clarification and to avoid any doubt, "prosecution" as used in this paragraph does not

22  include representing a party challenging a patent before a domestic or foreign agency (including,

23  but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination).

24       I further agree to submit to the jurisdiction of the United States District Court for the

25  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

26  _____

27
    [5] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.
28

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-04741-RS                                                    21
sd-651529

1    Order, even if such enforcement proceedings occur after termination of this action.

2        I hereby appoint _____ [print or type full name] of

3    _____ [print or type full address and telephone

4    number] as my California agent for service of process in connection with this action or any

5    proceedings related to enforcement of this Stipulated Protective Order.

6

7    Date: _____

8    City and State where sworn and signed: _____

9    Printed name: _____
10            [printed name]

11   Signature: _____
12            [signature]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28