UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC., et al.,<br>           Plaintiffs,<br>    v.<br>SANDOZ INC., et al.,<br>           Defendants. | Case No. 14-cv-04741-RS   (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 160 |

## INTRODUCTION

In this patent infringement case, the parties have filed a joint discovery dispute letter concerning interrogatories propounded by Defendant Sandoz Inc. ("Sandoz"). Dkt. No. 160. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

The following background is taken from the parties' joint letter. The two asserted patents in this case are U.S. Patent Nos. 6,162,427 ("the '427 patent") and 8,940,878 ("the '878 patent"). Plaintiffs Amgen Inc. and Amgen Manufacturing, Limited ("Amgen") allege Sandoz's Zarxio product (or filgrastim-sndz) infringes these patents. It contends Zarxio is biosimilar (similar to generic) to Amgen's own product, Neupogen. Neupogen and Zarxio are used to alleviate side effects from cancer therapy and are also both indicated to mobilize hematopoietic progenitor cells into the peripheral blood for collection by leukapheresis.

The '427 patent claims methods of treatment involving the administration of filgrastim followed by the administration of at least one chemotherapeutic agent. Amgen alleges that the administration of Mozobil (Sanofi's plerixafor drug product) after administration of filgrastim

1  infringes the claim because Mozobil is a chemotherapeutic agent. Amgen also contends Mozobil
2  is a chemotherapeutic agent that opens the endothelial barrier of the patient to render the
3  endothelial barrier permeable for stem cells, for purposes of the additional limitation of claim 4 of
4  the '427 patent.

5        The '878 patent is directed to methods of purifying recombinant proteins, which are
6  proteins expressed in a host cell through the use of genetic engineering techniques. These genetic
7  engineering techniques have allowed scientists to produce proteins in cells that would not
8  naturally produce them, such as producing a human protein in bacteria for use as a therapeutic.
9  The '878 patent is not limited to any specific protein and involves steps following the creation of
10  the protein in bacteria to separate the protein from other materials after it has been returned to its
11  "refolded" or natural state. Amgen contends Sandoz uses the methods of the '878 patent in
12  connection with the preparation of Zarxio.

13        Sandoz propounded certain discovery requests in response to Amgen's First Amended
14  Disclosure of Asserted Claims and Infringement Contentions, served October 15, 2015. It now
15  seeks to compel responses to Interrogatory Nos. 7-9 and 13. Interrogatory No. 7 asks Amgen to
16  state all facts on which it relies for its position that plerixafor is a chemotherapeutic agent. Jt. Ltr.,
17  Ex. A, Dkt. No. 160-1. Interrogatory No. 8 asks Amgen to identify every chemotherapeutic agent
18  it contends meets the description stated in the '427 Patent at column 2, lines 37-39 and to identify
19  all evidence that supports its contention. *Id.* Interrogatory No. 9 asks Amgen to identify every
20  chemotherapeutic agent that it contends opens the endothelial barrier to render the endothelial
21  barrier permeable for stem cells (as listed in claim 4 of the '427 patent) and to identify all evidence
22  that supports its contention. *Id.* Interrogatory 13 asks Amgen whether any of Examples 1 through
23  4 in the '878 patent fall within the scope of its asserted claims and to state all facts that support its
24  contention. *Id.*

25  **LEGAL STANDARD**

26        Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding
27  any nonprivileged matter that is relevant to any party's claim or defense and proportional to the
28  needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## DISCUSSION

Sandoz argues that Interrogatories 7-9 and 13 are relevant because they speak to a question raised by the parties' prior statements regarding infringement or invalidity theories. Jt. Ltr. at 2. As the parties have laid out their contentions pursuant to the Patent Local Rules, it maintains that now it is time for discovery concerning the factual bases for them. *Id.*

Amgen argues the issue is not one of relevance, but "of timing and the essence of fact discovery versus expert discovery." *Id.* at 3-4. It contends that any responses to contention interrogatories at this stage, when Sandoz has produced almost no documents, would be incomplete and unnecessarily burdensome given the tentative nature of any responses that would be generated. *Id.* at 4. Amgen notes it has already provided Sandoz with its factual basis as to why it believes plerixafor is a chemotherapeutic agent and why it believes plerixafor opens the

1    endothelial barrier when it provided its infringement contentions, and it has produced the scientific
2    literature and documents that it relied on in support of those contentions.  *Id.*

3    Given the nature of Sandoz's requests, which seek information regarding the factual basis
4    for Amgen's allegations, and the early stage of this litigation, the Court finds the requests are
5    premature.  Federal Rule of Civil Procedure 33 permits interrogatories to parties about their
6    factual contentions, yet provides that the Court may postpone answers to those interrogatories
7    "until designated discovery is complete, or until a pretrial conference or some other time."  Fed. R.
8    Civ. P. 33(a)(2).  "Rule 33(a)(2) provides that interrogatories may relate to any matter that may be
9    inquired into under Rule 26(b) and is not objectionable merely because it asks for contentions that
10   relate to fact or the application of law to fact."  *In re eBay Seller Antitrust Litig.*, 2008 WL
11   5212170, at *1 (N.D. Cal. Dec. 11, 2008).  However, "courts tend to deny contention
12   interrogatories filed before substantial discovery has taken place, [and instead] grant them if
13   discovery almost is complete."  *Id.* (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328,
14   332-38 (N.D. Cal. 1985); additional citation omitted).

15   Consequently, courts in this district have placed "a burden of justification" on a party who
16   seeks answers to contention interrogatories before substantial documentary or testimonial
17   discovery has been completed.  *See, e.g.*, *In re Convergent*, 108 F.R.D. at 338; *Campbell v.*
18   *Facebook Inc.*, 2015 WL 3533221, at *4 (N.D. Cal. June 3, 2015); *United States v. Bazaarvoice,*
19   *Inc.*, 2013 WL 1739472, at *3 (N.D. Cal. Apr. 22, 2013); *In re Wells Fargo Residential Mortg.*
20   *Lending Discrimination Litig.*, 2009 WL 1771368, at *6 (N.D. Cal. June 19, 2009).  "[S]uch a
21   party must be able to show that there is good reason to believe that answers to its well-tailored
22   questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of
23   the dispute, or setting up early settlement discussions, or that such answers are likely to expose a
24   substantial basis for a motion under Rule 11 or Rule 56."  *In re Convergent*, 108 F.R.D. at 338-39
25   (footnote omitted).  "A party seeking early answers to contention interrogatories cannot meet its
26   burden of justification by vague or speculative statements about what might happen if the
27   interrogatories were answered."  *Id.* at 339.  "Rather, the propounding party must present specific,
28   plausible grounds for believing that securing early answers to its contention questions will

4

United States District Court
Northern District of California

materially advance the goals of the Federal Rules of Civil Procedure." *Id.* In the case where a defendant seeks responses to early contention interrogatories from a plaintiff, courts should be "especially vigilant" in evaluating the proffered justifications when the plaintiff's complaint is not "facially infirm" and the defendant appears to have control over or adequate access to much of the evidence relevant to its alleged misconduct. *Id.*

Sandoz has not demonstrated that its interrogatories are appropriate at this stage. It asserts the interrogatories are relevant because they "ask plainly worded questions" about the following disputed issues in the parties' contentions: "(1) whether and why plerixafor (Mozobil) is or is not a chemotherapeutic agent; (2) what else qualifies as a chemotherapeutic agent, which will help define which prior uses and publications invalidate the '427 patent; (3) which chemotherapeutic agents, if any, open the endothelial barrier and therefore satisfy the requirements of claim 4 of the '427 patent; and (4) how the examples included in the text of the '878 patent relate to any asserted claim." Jt. Ltr. at 2. But Sandoz has not shown how responding to its interrogatories before substantial discovery has been conducted will contribute meaningfully to clarifying the issues in the case or narrowing the scope of the dispute. Further, the meaning of claim terms such as "chemotherapeutic agent" and "open[] the endothelial barrier" are going to be addressed by the presiding judge during claim construction. *See* Joint Claim Construction and Prehearing Statement, Dkt. No. 156. And, as noted above, as part of its infringement contentions, Amgen provided Sandoz with its factual basis as to why it believes plerixafor is a chemotherapeutic agent and why it believes plerixafor opens the endothelial barrier, yet Sandoz has not alleged Amgen's contentions were inadequate.

Ultimately, Sandoz's arguments do not persuade the Court that it requires answers to these interrogatories at this time to clarify Amgen's position or the scope of the case prior to claim construction. As one court in this District noted, "if [the plaintiff] were to respond now, his answers likely would be materially incomplete as soon as [the defendant] begins its document production. Moreover, the tentative nature of any responses generated at this stage would be of questionable value to the goal of efficiently advancing the litigation." *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *2; *see also Campbell*, 2015 WL 3533221, at *3 (same). Rather than

5

1 subjecting Amgen to the unnecessarily burdensome task of revising and updating its responses, the Court finds it more appropriate to address such interrogatories after the parties have taken fact discovery and the Court has construed the claim terms.

## CONCLUSION

Rule 33 expressly contemplates postponement of contention interrogatories under these circumstances, and given the foregoing, the Court finds application of that rule warranted here. Accordingly, the Court **DENIES** Sandoz's motion to compel discovery responses to the interrogatories identified above. In accordance with this Order, Sandoz may propound such interrogatories at an appropriate time after claim construction and near the close of discovery.

**IT IS SO ORDERED.**

Dated: March 10, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge