RACHEL KREVANS (CA SBN 116421)
RKrevans@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

GRANT J. ESPOSITO (*pro hac vice*)
GEsposito@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

ERIK J. OLSON (CA SBN 175815)
EJOlson@mofo.com
ERIC C. PAI (CA SBN 247604)
EPai@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
SANDOZ INC., SANDOZ INTERNATIONAL
GMBH, and SANDOZ GMBH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMGEN INC. and AMGEN MANUFACTURING, LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC., SANDOZ INTERNATIONAL GMBH, and SANDOZ GMBH,<br><br>Defendants. | Case No. 3:14-cv-04741-RS<br><br>**SANDOZ'S ADMINISTRATIVE MOTION TO STRIKE NEW EVIDENCE AND ARGUMENTS IN REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY**<br><br>Date:   July 1, 2016<br>Time:   10:00 a.m.<br>Ctrm:   3, 17th floor<br><br>The Honorable Richard Seeborg |

Pursuant to Civil Local Rule 7-11, Sandoz requests that the Court strike new evidence and arguments that Amgen submitted with its reply brief or, in the alternative, grant Sandoz leave to file a sur-reply and expert declarations to address Amgen's new evidence and arguments.

## I.     INTRODUCTION

Amgen knew that Sandoz would rely on experts in claim construction briefing and said that Amgen intended to do so as well.  But Amgen intentionally withheld the declarations of its two experts from its opening papers.  This is improper under the Patent Local Rules and a prior decision of this Court that interpreted them.  The Ninth Circuit has also agreed that this tactic is improper.  By submitting these new declarations in reply, Amgen has deprived Sandoz of a fair opportunity to respond.  Each of them improperly raises new arguments and cites new evidence in a manner designed to avoid proper scrutiny.  The Court should strike these two expert declarations (and the argument that relies on them) or permit Sandoz to file a short 7-page sur-reply and expert declarations.

## II.    ARGUMENT

### A.    Amgen's Expert Declarations Are Improper Reply Evidence

New evidence and arguments submitted for the first time on reply are improper.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that district court properly declined to consider arguments not raised in opening brief); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (striking new evidence in reply declaration); *Netlist Inc. v. Diablo Techs., Inc.*, No. 13-cv-05962-YGR, 2015 U.S. Dist. LEXIS 3285, at *6 n.1 (N.D. Cal. Jan. 12, 2015) (evidence submitted in reply was "beyond the proper scope of reply").

Patent Local Rule 4-5(a) makes clear that the plaintiff is required to submit "any evidence supporting its claim construction" with its opening brief.  The plaintiff cannot "wait until its reply brief to do so, when [the defendant] would be unable to respond."  *France Telecom S.A. v. Marvell Semiconductor Inc.*, Case No. 12-cv-04967-WHO, 2013 U.S. Dist. LEXIS 130679, at *5 (N.D. Cal. Sept. 9, 2013).  The only evidence that the plaintiff may submit in reply is "any evidence *directly rebutting* the supporting evidence contained in an opposing party's response." Patent L.R. 4-5(c) (emphasis added).

*France Telecom* mirrors the present case.  There, the plaintiff, like Amgen, did not submit an expert declaration with its opening claim construction brief, relying only on documents and the intrinsic record to support its claim constructions.  2013 U.S. Dist. LEXIS 130679, at *2.  The defendant, like Sandoz, submitted an expert declaration with its responsive brief.  *Id.* at *2-*3.  The plaintiff, like Amgen, then submitted an expert declaration with its reply brief.  *Id.* at *4.  As a result, the plaintiff, like Amgen, presented the court with evidence regarding the meaning of the claim terms to a skilled artisan that the defendant had no opportunity to rebut.  *Id.* at *4-*5.  There, like here, the plaintiff had anticipated the need for expert evidence, as reflected in its disclosure of an expert in the joint claim construction statement.  *Id.* at *5.  This Court found that it was improper for the plaintiff to hold back its expert evidence until its reply brief and granted the defendant leave to file a sur-reply brief and declaration.  *Id.* at *5-*6.

Amgen has taken the same improper approach in an effort to shield the submissions of its experts from review and rebuttal by Sandoz.  Amgen and Sandoz both disclosed their experts in the Joint Claim Construction Statement.  (ECF Nos. 156-1 & 156-2.)  Amgen knew that Sandoz would rely on experts and knew that Sandoz believed that one claim term was so vague that skilled artisans could not understand it.  (*Id.*)  Despite this, Amgen withheld its experts' opinions and relied solely on attorney argument and documents in its opening brief.  Consistent with its prior disclosure, Sandoz submitted declarations from Dr. Negrin and Dr. Titchener-Hooker with its responsive brief.  Amgen then for the first time submitted declarations from Dr. Pelus and Dr. Willson with its reply brief.  (ECF No. 172-1 ("Pelus Decl."); ECF No. 172-2 ("Willson Decl.").)  Amgen held this evidence back so that Sandoz would have no opportunity to respond – the very practice that this Court has deemed improper.  *France Telecom*, 2013 U.S. Dist. LEXIS 130679, at *5.

Amgen's reply brief contains misguided and conclusory arguments attempting to justify its conduct.  First, Amgen notes that Civil Local Rule 7-3(c) permits a reply to include affidavits or declarations.  (Amgen Reply Br. at 1-2.)  But that Rule does not allow Amgen to disregard the Patent Local Rules and controlling Ninth Circuit precedent as to the permissible scope of reply.

Second, Amgen asserts that the parties agreed that they would be "free to submit expert

SANDOZ'S ADMINISTRATIVE MOTION TO STRIKE NEW EVIDENCE IN REPLY OR FOR LEAVE TO FILE SUR-REPLY
Case No. 3:14-cv-04741-RS
pa-1739015

2

declarations with their respective Markman briefs." (*Id.* at 2 n.1.) Submission of Amgen's expert declarations with its opening brief would have fully complied with this agreement. Sandoz did not agree that Amgen could improperly withhold its experts until its reply by agreeing to eliminate certain expert depositions and by agreeing not to have an expert testify at the claim construction hearing and the tutorial. (Wu Reply Decl. Ex. 1, ECF No. 172-4.) The parties did not agree to modify the rules regarding the permissible scope of reply under the Patent Local Rules and applicable law.

Third, Amgen asserts that it had "reserved the right" to respond to Sandoz's experts. (Amgen Reply Br. at 2 n.1.) But Amgen cannot change the rules or the law merely by saying that it reserved the right to do something improper. And as discussed below, Amgen's expert declarations do not "directly rebut[]" the supporting evidence submitted by Sandoz.

Fourth, Amgen asserts that it was not improper for Amgen to submit reply evidence on indefiniteness because it declined Sandoz's proposal regarding separate briefing on indefiniteness. (*Id.*) This is foolish. Sandoz's proposal was specifically intended to avoid the very problems that Amgen has created. Given that it bore the burden of proof, Sandoz proposed a separate briefing schedule for indefiniteness in which Sandoz, not Amgen, would submit the opening brief and expert declarations on this topic. (Declaration of Eric C. Pai ¶ 2.) Thus, Amgen would avoid any concern that it lacked Sandoz's position on indefiniteness before Amgen submitted its brief. Amgen declined Sandoz's proposal on indefiniteness but still chose not to submit its expert declarations with its opening brief. (*Id.*)

### B. Amgen Should Have Submitted Its Expert Declarations With Its Opening Brief

Sandoz's accompanying Objection to Reply Evidence sets forth in more detail the improper new evidence and arguments contained in Amgen's expert declarations and reply brief. By way of example, Dr. Pelus offers new opinions based on three new scientific articles that Amgen never cited or disclosed before filing its reply. (Pelus Decl. ¶¶ 26-28 (citing Wu Reply Decl. Exs. 3, 4 & 5).) Dr. Willson advances an entirely new argument based on dependent claims 18 and 19 (which neither party has previously addressed in any way) in support of his opinion

SANDOZ'S ADMINISTRATIVE MOTION TO STRIKE NEW EVIDENCE IN REPLY OR FOR LEAVE TO FILE SUR-REPLY
Case No. 3:14-cv-04741-RS
pa-1739015

3

1  that the claims of the '878 patent are limited to a "column."  (Willson Decl. ¶ 34.)  Dr. Willson
2  also opines at length on new positions concerning separations based on "physical exclusion" and
3  "isocratic protein separations."  (Willson Decl. ¶¶ 52-54.)  These examples are, however, just
4  specific elements of an improper overall strategy in which Amgen, knowing that the knowledge
5  and understanding of skilled artisans regarding the claim terms was in dispute, chose to avoid any
6  opportunity for Sandoz to address the positions of Amgen's experts on these topics.

7  Amgen could and should have submitted these expert declarations with its opening brief.
8  The declarations purport to respond to Sandoz's expert evidence only superficially: each section
9  begins by mentioning the opinion of Dr. Negrin or Dr. Titchener-Hooker and expressing the
10 expert's general disagreement.  Nonetheless, the focus of the declarations is opinions and
11 comments designed to support Amgen's initial constructions – opinions that the experts could
12 have offered without having seen Sandoz's responsive brief or declarations.  The declarations are
13 not evidence "directly rebutting" supporting evidence submitted by Sandoz.  They are not unique
14 efforts to address a unique topic in reply.  They are general evidence supporting Amgen's original
15 views and should have been submitted with its opening brief under Patent Local Rule 4-5(a).

16 As an example, for the term "directly," Dr. Willson's declaration spends 13 paragraphs
17 opining on how the intrinsic evidence supports his ultimate opinion: "I agree with Amgen's
18 construction that 'directly applying' means application without removing any components of, or
19 diluting, the refold solution."  (Wilson Decl. ¶¶ 16-28.)  Dr. Willson makes only three passing
20 references to Dr. Titchener-Hooker in this section; none of the references actually respond to any
21 argument by Dr. Titchener-Hooker but instead simply refer to Dr. Willson's disagreement with
22 Sandoz's proposed construction, which was disclosed in the Joint Claim Construction Statement.
23 (*Id.*)  Dr. Willson does essentially the same thing for each of the other claim terms that he
24 addresses in his declaration.  Merely adding a statement that Dr. Titchener-Hooker supported
25 Sandoz's constructions or offered opinions on the same claim term does not transform what
26 should have been an opening declaration into evidence properly submitted in reply.

27 Had Sandoz been afforded an opportunity to respond to these declarations, Sandoz could
28 have addressed the errors made by Amgen's experts.  For example, Dr. Negrin could have

SANDOZ'S ADMINISTRATIVE MOTION TO STRIKE NEW EVIDENCE IN REPLY OR FOR LEAVE TO FILE SUR-REPLY
Case No. 3:14-cv-04741-RS
pa-1739015

4

1  explained how the Schmitz and Dreger articles cited by Dr. Pelus further demonstrate the
2  ambiguity created by the lack of guidance in the '427 patent concerning different metrics and
3  different target numbers for measuring stem cell mobilization. Dr. Titchener-Hooker could have
4  explained how the "physical exclusion" and "isocratic protein" separations that Dr. Willson
5  discusses do not fall within the types of separation matrices recited by claim 7 of the '878 patent.

### C. Amgen's New Reply Evidence And Arguments Should Be Stricken

The most efficient and appropriate way to address the improper new evidence and arguments submitted with Amgen's reply is to strike them. Well-established Ninth Circuit precedent holds that it is proper to do so. *Tovar v. United States Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (granting motion to strike new information filed on reply); *Zamani*, 491 F.3d at 997; *see also Contratto*, 227 F.R.D. at 308 n.5 (striking new evidence introduced with reply papers). As discussed above, Amgen approach was intentional, unnecessary, and violated both the Patent Local Rules and a prior opinion of this Court interpreting them.

### D. Alternatively, Sandoz Should Be Granted Leave To File A Sur-Reply

If Amgen's new reply evidence and arguments are not stricken, Sandoz should be afforded the opportunity to respond to them in a sur-reply and accompanying expert declarations. *See France Telecom*, 2013 U.S. Dist. LEXIS 130679, at *6 (granting defendant leave to file a sur-reply brief and declaration to respond to new expert declaration filed with reply claim construction brief); *In re Clorox Consumer Litig.*, 301 F.R.D. 436, 439 n.1 (N.D. Cal. 2014) (granting motion for leave to file a sur-reply to address new evidence and arguments raised for the first time on reply). Should the Court decide that a sur-reply is appropriate, Sandoz proposes that it be permitted to file a sur-reply brief of no more than 7 pages and accompanying expert declarations from Dr. Negrin and Dr. Titchener-Hooker.

### III. CONCLUSION

For the foregoing reasons, Sandoz respectfully requests that the Court strike the new evidence and arguments submitted with Amgen's reply claim construction brief or, in the alternative, grant Sandoz leave to file a sur-reply and accompanying expert declarations to address Amgen's new evidence and arguments.

SANDOZ'S ADMINISTRATIVE MOTION TO STRIKE NEW EVIDENCE IN REPLY OR FOR LEAVE TO FILE SUR-REPLY
Case No. 3:14-cv-04741-RS
pa-1739015

5

Dated: April 29, 2016

MORRISON & FOERSTER LLP

By: */s/ Rachel Krevans*
    Rachel Krevans

Attorneys for Defendants
Sandoz Inc., Sandoz International GmbH,
and Sandoz GmbH

SANDOZ'S ADMINISTRATIVE MOTION TO STRIKE NEW EVIDENCE IN REPLY OR FOR LEAVE TO FILE SUR-REPLY
Case No. 3:14-cv-04741-RS
pa-1739015

6