UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>SANDOZ INC., et al.,<br><br>  Defendants. | Case No. 14-cv-04741-RS<br><br>**ORDER DENYING SANDOZ'S MOTION TO STRIKE NEW EVIDENCE AND GRANTING ITS MOTION FOR LEAVE TO FILE A SUR-REPLY** |

Defendant Sandoz Inc. moves to strike expert declarations submitted for the first time with the reply brief of plaintiff Amgen Inc.[1] In the alternative, Sandoz seeks leave to file a sur-reply brief. According to Sandoz, Dr. Pelus and Dr. Willson, who submitted declarations with Amgen's reply brief, did not limit their opinions to those responsive to the declarations of Sandoz's experts; rather, they used the reply as an opportunity to discuss three new scientific articles never disclosed or mentioned before the reply brief and to advance a new argument not raised in Amgen's opening salvo.

In the course of developing a mutually agreeable briefing schedule for the *Markman* hearing, Amgen conveyed its intention exclusively to rely upon intrinsic evidence in support of its claim construction. Nevertheless, Amgen also made clear that it reserved the right to submit

---

[1] Pursuant to Local Rule 7-3(d)(1) Sandoz submitted objections to the expert declarations alone with the motions currently pending. Technically, Sandoz cannot use Local Rule 7-11 to file a motion to strike new evidence. Such a motion should be noticed for hearing as usual.

expert declarations in reply to Sandoz's opposition papers. That positon is proper and reasonable provided the evidence submitted "directly rebut[s] the supporting evidence contained in an opposing party's response." Local Patent Rule 4-5(c); *see also France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-04967-WHO, 2013 WL 4804834, at *2 (N.D. Cal. Sept. 9, 2013) ("While expert evidence is often submitted in support of an opening claim construction brief to opine on the understanding of the disputed terms to one of ordinary skill in the art, it is true, as France Telecom points out, that there is no requirement that this be done."). The expert declarations submitted with Amgen's brief are not so limited,[2] which is the problem.

Parties may not use reply briefs to raise new arguments or to submit new evidence because such conduct deprives the opposing party of the opportunity to offer a fulsome response. Amgen has violated this general rule, but it will not be sanctioned for its conduct in the form of an order striking the declarations. Instead, Sandoz will have the opportunity to file a sur-reply not longer than ten pages and responsive declarations by June 7, 2016. Amgen retains the right to challenge the scope or propriety of Sandoz's sur-reply.

**IT IS SO ORDERED**.

Dated: May 23, 2016

_____
RICHARD SEEBORG
United States District Judge

---

[2] Amgen resists this conclusion to some extent, offering arguments in bullet-point form for why these opinions are merely responsive—a blatant attempt to circumvent the page limitations prescribed by the local rule. Nevertheless, it acknowledges the experts "cite to *some* of the same evidence that Amgen set forth in its opening claim construction brief," Opp'n to Admin. Mot. at 3, making plain that some of the evidence cited was *not* included in the opening brief.