1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RACHEL KREVANS (CA SBN 116421)
RKrevans@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

GRANT J. ESPOSITO
GEsposito@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

ERIK J. OLSON (CA SBN 175815)
EJOlson@mofo.com
ERIC C. PAI (SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendant
SANDOZ INC.

VERNON M. WINTERS (CA SBN 130128)
vwinters@sidley.com
ALEXANDER D. BAXTER (CA SBN
281569)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA  94104-1503
Telephone: 415.722.1200
Facsimile: 415.772.7400

NICHOLAS GROOMBRIDGE (pro hac vice)
ngroombridge@paulweiss.com
ERIC ALAN STONE (pro hac vice)
JENNIFER H. WU (pro hac vice)
JENNIFER GORDON
PETER SANDEL (pro hac vice)
STEPHEN A. MANISCALCO (pro hac vice)
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: 212.373.3000
Facsimile: 212.757.3990

WENDY A. WHITEFORD (CA SBN 150283)
wendy@amgen.com
LOIS M. KWASIGROCH (CA SBN 130159)
One Amgen Center Drive
Thousand Oaks, CA  91320-1789
Telephone: 805.447.1000
Facsimile: 805.447.1010

Attorneys for Plaintiffs AMGEN INC. and
AMGEN MANUFACTURING, LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMGEN INC. and AMGEN
MANUFACTURING, LIMITED,

Plaintiffs,

v.

SANDOZ INC., SANDOZ INTERNATIONAL
GMBH, and SANDOZ GMBH,

Defendants.

Case No.  3:14-cv-04741-RS

**ATTESTATION IN SUPPORT OF
JOINT LETTER REGARDING
AMGEN INC.'S RESPONSES TO
INTERROGATORIES**

1        Pursuant to the Discovery Standing Order for Magistrate Judge Maria-Elena James,

2    undersigned counsel hereby attest that counsel met and conferred in person and otherwise in a

3    good faith manner consistent with the local rules and Your Honor's standing order in an attempt

4    to resolve their disputes prior to filing the below joint letter.

5

6    DATED: April 7, 2017          Respectfully submitted,

7                                   MORRISON & FOERSTER LLP

8                                   By: */s/ Erik J. Olson*

9                                       Erik J. Olson

10                             *Attorneys for Defendant Sandoz Inc.*

11

12   DATED: April 7, 2017         PAUL WEISS RIFKIND WHARTON &

13                                   GARRISON LLP

14                                 By: */s/ Peter Sandel*

15                                   Peter Sandel

16                             *Attorneys for Plaintiffs Amgen Inc. and*
                                      *Amgen Manufacturing, Limited*

17

18

19

20

21

22

23

24

25

26

27

28

April 7, 2017

**Via ECF Filing**

Hon. Maria-Elena James
Magistrate Judge for the Northern District
United States District Court, Courtroom B - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     **Amgen Inc., et al. v. Sandoz Inc., et al.**
        **Case No. 3:14-cv-04741-RS**

Dear Judge James:

        Plaintiffs (collectively, "Amgen") and Defendant Sandoz Inc. ("Sandoz") jointly submit this letter brief pursuant to the Court's Discovery Standing Order.

**Joint Statement of Dispute and Requested Relief**

        On December 18, 2015, Sandoz propounded Interrogatory Nos. 7-17.  (*See* Ex. A.)
Interrogatory Nos. 15-16, the subject of this letter, ask Amgen to provide information regarding:
its bases for contending that each asserted claim of the Patents-in-suit is not invalid, including
Amgen's complete rebuttal to Defendants' Invalidity Contentions (No. 15); and all secondary
considerations of nonobviousness of the claimed invention, including all facts, documents and
evidence supporting Amgen's contention that a nexus exists between each secondary
consideration of nonobviousness and the claimed invention for each asserted claim of the
Patents-in-suit (No. 16).  On January 22, 2016, Amgen objected to Interrogatory Nos. 15-16 "as
seeking information that is properly within the scope of expert discovery, and is therefore
premature."  (*See* Ex. B.)  For Interrogatory No. 15, Amgen also objected "to the extent it
attempts to shift the burden of proof as patents are presumed valid."  (*Id.*)

        On August 4, 2016, the Court construed the disputed claims of both Patents-in-suit.  (*See*
ECF No. 205.)  Pursuant to the Court's October 28, 2016 case management order, fact discovery
will close May 10, 2017.  (*See* ECF No. 220 at 1.)

**Sandoz's Position**

        ***The Parties Agreed that Interrogatory Nos. 15-16 Were Contention Interrogatories
which would be Supplemented 45 Days Before the End of Fact Discovery.*** Sandoz propounded
Interrogatory Nos. 7-17, which relate to Amgen's theories of the case.  (*See* Ex. A.)  Amgen
served objections and did not provide a response to Interrogatory Nos. 15 and 16.  Amgen
principally asserted that Interrogatory Nos. 15-16 were premature and seeks information that is
within the scope of expert discovery.  The parties agreed at that time that Interrogatory Nos. 15-
16 were contention interrogatories.

        In April and May 2016, the parties met in person and by phone and corresponded to
resolve when Amgen should respond to Sandoz's contention interrogatories.  Amgen now
contends that these discussions involved only certain interrogatories that were the topic of March

2016 discovery orders.  That is simply not true.  The parties met and conferred in an attempt to reach final agreement on when all outstanding contention interrogatories would be answered, including Nos. 15-16.[1]  Negotiations were not limited to the topics addressed in the Court's March 2016 orders.

The parties' negotiations led to an agreement that Amgen would *respond* to contention interrogatories 45 days before the end of discovery.  This was memorialized in two letters.  In a letter dated May 27, 2016, Amgen stated that it understood that the parties "agreed that responses to contention interrogatories would be appropriate 45 days before the close of fact discovery." Sandoz confirmed this agreement in a letter dated June 2, 2016: "I confirm our agreement that Amgen will produce responses to contention interrogatories 45 days before the close of fact discovery (and thus that any new contention interrogatories can be served 75 days before the close of fact discovery)."  The purpose of this agreement—as explicitly reflected in that last letter—was for Amgen to answer the existing interrogatories 45 days before the end of discovery.  Nothing stated in these letters limits the agreements to interrogatories that were the subject of the March 2016 discovery orders.

***Amgen Breached Its Agreement to Answer Contention Interrogatories 45 Days Before the End of Discovery.***  The 45-day deadline was chosen, in part, so that Sandoz could read the new responses and issue new discovery (if needed) before the close of discovery on May 10, 2017.  In a letter dated March 21, 2017, Sandoz reminded Amgen of its obligation to provide its substantive responses to Interrogatory Nos. 15-16 by March 27, 2017, 45 days before the close of fact discovery.  Amgen did not respond.  On March 28, 2017, after complete silence from Amgen, Sandoz notified Amgen of its failure to comply with its obligation, stating "After extended discussions, you agreed to update contention interrogatories 45 days before the end of discovery.  That deadline passed yesterday despite notice to you six days in advance of the deadline."  Two days after the deadline, on March 29, 2017, Amgen notified Sandoz that it would not provide any contention interrogatory responses without a further meet and confer. Specifically, Amgen requested that the parties "discuss an appropriate time for Amgen to supplement its contention interrogatories instead of having Sandoz re-serve them."  Amgen did not state that it was refusing to provide supplemental responses to Interrogatory Nos. 15-16. Sandoz held discussions a year ago regarding these interrogatories precisely to avoid the problem that Amgen has now created.

On March 28, 2017, Sandoz requested a meet and confer on this issue.  Amgen responded that it was unable to meet and confer prior to April 4, 2017, further delaying the service of any

---

[1] On the deadline stated in the parties' letters, Amgen refused to update its answers to *any* contention interrogatories.  Amgen now admits that it agreed in May 2016 to supplement at least Interrogatory Nos. 7-10 and 13 at least 45 days before the end of discovery (March 27, 2017) if Sandoz re-propounded the discovery.  Despite explicit reminders of that agreement from Sandoz on March 21, 2017, Amgen refused to provide responses to these interrogatories.  On April 4, 2017, Amgen finally agreed it would update the interrogatories that were the subject of the March orders mentioned below.  Sandoz will get responses to these interrogatories on Monday, April 10, 2017 – two weeks late.  Similarly, Amgen refused until today to provide an updated response regarding Sandoz's interrogatory regarding damages (Interrogatory No. 17).  Amgen's conduct is not consistent with the interpretation of the parties' agreements that it states below.

2

substantive responses to Sandoz's interrogatories.  The parties met and conferred on April 5, 2017 regarding various discovery matters including the timing of Amgen's supplemental responses to Interrogatory Nos. 15-16.  At that meeting, Amgen agreed to provide responses to other interrogatories that it had previously argued were contention interrogatories on Monday, April 10, 2017 but refused to provide complete answers to Interrogatories Nos. 15-16.   Amgen stated for the first time that it would not supplement these interrogatories at all.  As of the filing of this letter, Amgen has not provided a substantive response to any contention interrogatory in the case.

**_Sandoz Is Entitled to Complete Responses to Contention Interrogatories._**  Each of Interrogatory Nos. 15-16 are directed to questions raised by Amgen's or Sandoz's prior statements regarding its infringement or invalidity theories.  Each interrogatory has factual elements.  That an interrogatory relates to a subject on which an expert may opine does not mean the responding party has no duty to respond to the underlying factual elements.  Neither the local rules nor the Federal Rules permit Amgen to hide all evidence on the issues presented in Interrogatory Nos. 15-16 until discovery is closed or until Amgen provides an expert report.  To the contrary, Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Federal Rule of Civil Procedure 33(a)(2) provides that an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."  Interrogatories 15 and 16 address categories that are very similar to the disclosures required by this district's Patent Local Rules, which require an early statement of the parties' contentions regarding invalidity and infringement.  Amgen cannot hide the facts and sources of information that support its contentions until fact discovery is over and Sandoz's opportunity to test the veracity of those claims has past.  Amgen's reliance on _Mediatek_[2] is misplaced.  The propounding party in _Mediatek_ sought to preclude expert testimony on subjects not previously disclosed in its contention interrogatories.  As stated above, Sandoz does not seek expert opinion in response to Interrogatory Nos. 15 and 16, and does not seek the relief sought in _Mediatek_.

The parties are now less than 35 days from the end of fact discovery.  Amgen has never previously argued that Sandoz should not receive supplemental responses to Sandoz's contention interrogatories, only that such responses were previously premature. That is now unsustainable as fact discovery has been open for 18 months and the Markman order issued nearly 9 months ago.

**_Amgen's Failure to Supplement its Interrogatory Responses Prejudices Sandoz._** Amgen does not deny the relevance or importance of the interrogatories at issue.  Fact discovery closes in less than 35 days.  Amgen's delay has already prejudiced Sandoz ability to serve new discovery responses in light of Amgen's contentions.

Moreover, Amgen's delays will prejudice other pending discovery.  In early March, Sandoz served a 30(b)(6) deposition notice.  Sandoz is still awaiting deponents on its topics.

---

[2] _MediaTek Inc. v. Freescale Semiconductor, Inc._, No. 11-CV-5341-YGR, 2014 WL 2854773, at *4-5 (N.D. Cal. June 20, 2014).

Answers to contention interrogatories are an important part of the planned questioning on certain topics, such as the financial or economic benefit that Amgen has ever received from practicing the alleged inventions as claimed in the Patents-in-suit.  Sandoz has requested four additional deponents in their individual capacities, and the answers to the contention interrogatories will undoubtedly be an important aid in conducting those depositions as well.  It is likely that one of more of the witnesses involved in those depositions will verify Amgen's responses to the pending interrogatories.

Sandoz therefore respectfully requests the Court to compel Amgen to provide complete responses to Interrogatory Nos. 15-16 within two days of the Court's order.  In light of the prejudice caused by the delays, Sandoz requests the right to serve new document requests within 3 days after receipt of the interrogatory responses if the responses identify new topics or new documents not previously identified by Amgen in its prior responses.

<u>**Amgen's Position**</u>

This dispute regards Sandoz's Interrogatory Nos. 15-16.  Interrogatories served and responded to more than one year ago.  Interrogatories that were never the subject of any prior motion to compel, court order, or, despite Sandoz's assertions to the contrary, agreement of the parties.  On January 22, 2016, Amgen properly objected to Nos. 15-16 as seeking information within the scope of expert discovery.  Amgen should, thus, not be forced to provide supplemental responses now—not before providing its expert reports pursuant to the schedule set by the Court.

***Sandoz Seeks Information Properly Within the Scope of Expert Discovery.*** Interrogatories seeking to preview expert reports before the time set by the Court for the provision of those expert reports are inappropriate, and need not be responded to until the time appointed by the Court's scheduling order.  *See, e.g.*, *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341-YGR, 2014 WL 2854773, at *4-5 (N.D. Cal. June 20, 2014).  For example, in *MediaTek*, the alleged infringer served the patentee with an interrogatory seeking its contentions with respect to why it believed the asserted patents were *not* invalid.  *Id.* at *5.  The Court found that such an interrogatory was "an attempt to circumvent the parties' respective burdens of proof, the structure of the Patent Local Rules, and the Court's scheduling order by requiring MediaTek [the patentee] to rebut Freescale's [the alleged infringer's] invalidity theories long before the Court's scheduling order required."  *Id.* at *4.  The Court deemed the alleged infringer's behavior "gamesmanship," and found that the patentee correctly provided its response to the alleged infringer's invalidity contentions with its rebuttal expert report.  *Id.* at *5 ("The Court will not penalize MediaTek for providing its response—its expert rebuttal report—at the time appointed by the Court's scheduling order.  Freescale has been repeatedly warned that such gamesmanship will not be rewarded.").

Sandoz's Interrogatory No. 15 is precisely the same interrogatory found to be inappropriate in *MediaTek*, and thus, Amgen should not be made to answer it before providing its rebuttal expert report, pursuant to the schedule set by the Court.  (Dkt. No. 220.)  Similarly, Sandoz's Interrogatory No. 16 seeks Amgen's response to Sandoz's invalidity challenge, before the time set by the Court for rebuttal expert reports, attempting to circumvent the parties' respective burdens of proof, the structure of the Patent Local Rules, and the Court's Scheduling Order.  Despite Sandoz's characterization above, Sandoz seeks the same information that was

prematurely sought in *MediaTek*.  *See* ECF No. 306-14, *MediaTek*, No. 11-CV-5341-YGR (N.D. Cal. Nov. 6, 2013.)  Sandoz cites no authority that such interrogatories are proper.

**The Parties Had No Discussions or Agreement Regarding Supplementing Interrogatory Nos. 15-16.**  Sandoz's attempt to frame this dispute as a "breach" of an agreement is a confounding, meritless distraction.  The parties never discussed supplementing these interrogatories—let alone did Amgen commit itself to providing supplements by March 27, 2017.  To be fair, following the Court's Orders in response to Sandoz's motions to compel discovery (Dtk. Nos. 162 and 167/168) the parties discussed the interrogatories that had been the subject of those motions—Interrogatory Nos. 7-10 and 13.  Those interrogatories sought discovery on Amgen's infringement contentions (Interrogatory Nos. 7-9 related to chemotherapeutic agents, Interrogatory No. 10 related to the purification resin DOWEX) and understanding of the '878 patent (Interrogatory No. 13).  In its Orders, the Court denied Sandoz's motion to compel responses to those five interrogatories, and found that Sandoz may propound such interrogatories at an appropriate time after claim construction and near the close of discovery.  The parties then engaged in a dialogue as to when responses to interrogatories directed to those subjects might be appropriate, and thus, when such interrogatories may be propounded.  For example, on March 30, 2016, Sandoz's counsel wrote "On our 3/14 call, we discussed the timing of Amgen supplementing its responses to the interrogatories that are the subject of the March 10 and 15 and discovery orders (Dkt # 162 and 167)."  *See also*, May 3, 2016 Email from Sandoz to Amgen ("We also await answers from you on the following: . . . Proposal for Amgen to provide complete responses to the interrogatories that are subject to the Court's March 10 and 15 Discovery Orders (Dkt #162 & 168).").  Interrogatory Nos. 15-16—the subjects of this letter brief—were simply not part of those discussions.

**Sandoz Has Not Been Prejudiced**.  Although Sandoz failed to propound new contention interrogatories regarding Amgen's infringement contentions as contemplated by the Court's Orders (Dkt. Nos. 162 and 167/168), Amgen has nevertheless agreed to provide responses to the interrogatories that were the subject of the Court's order by Monday, April 10.[3]  Nor is there any cognizable prejudice with regard to Interrogatory Nos. 15-16.  Sandoz failed to raise any issue with Amgen's objections until its letter of March 21, 2017 in which it demanded that Amgen provide supplemental responses within one week.  As set forth above, the information that these interrogatories seek is squarely within the domain of expert opinion.  Amgen will provide the information that Sandoz seeks, but it will do so during expert discovery under the schedule set forth by the Court.

---

[3] Contrary to Sandoz's eleventh hour accusation that "Amgen's conduct is not consistent with the interpretation of the parties' agreements that it states below," *see supra* n.1, Amgen has consistently maintained that the Court's discovery order required Sandoz to propound contention interrogatories at an appropriate time.  (Dkt. Nos. 162, 167/168.)  Sandoz confirmed this understanding in its letter of June 2, 2016 (*supra* at 2).  Sandoz did not propound contention interrogatories on the agreed upon date (75 days before the close of discovery) and still has not.  However, in an effort reach a reasonable compromise and avoid burdening the Court, Amgen has agreed to provide responses to the interrogatories that were the subject of the Court's Orders (Interrogatory Nos. 7-10, and 13) in lieu of Sandoz propounding new interrogatories on these subjects.

5

Very truly yours,

Morrison & Foerster LLP                    Paul Weiss Rifkind Wharton & Garrison LLP

*/s/ Erik J. Olson*                        */s/ Peter Sandel*
Erik J. Olson                              Peter Sandel