UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC., ET AL.,<br>　　　　Plaintiffs,<br>　　v.<br>SANDOZ INC., et al.,<br>　　　　Defendants. | Case No. 14-cv-04741-RS (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 222 |

## INTRODUCTION

In this patent infringement case, the parties have filed a joint discovery letter concerning certain interrogatories propounded by Defendant Sandoz Inc. ("Sandoz").[1] Jt. Ltr., Dkt. No. 22. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

On December 18, 2015, Sandoz propounded on Plaintiffs Amgen Inc. and Amgen Manufacturing, Ltd. (collectively, "Amgen") Interrogatory Nos. 7-17. *See* Jt. Ltr., Ex. A. On January 22, 2016, Amgen objected to Interrogatory Nos. 15 and 16, the subject of the parties' Joint Letter. *See* Jt. Ltr., Ex. B.

Interrogatory Nos. 15 and 16, and Amgen's responses thereto, are as follows:

> INTERROGATORY NO. 15:
> Describe in detail all of your bases for contending that each of the asserted claims of the Patents-in-suit is not invalid, including but not limited to your complete rebuttal to Defendants' Invalidity Contentions in this action.

---

[1] Defendants Sandoz International GmbH and Sandoz GmbH did not take part in this Letter.

RESPONSE TO INTERROGATORY NO. 15:
Amgen objects to this Interrogatory to the extent it attempts to shift the burden of proof as patents are presumed valid. Amgen objects to this Interrogatory as premature to the extent it seeks legal conclusions or requires legal conclusions. Amgen further objects to this Interrogatory as seeking information that is properly within the scope of expert discovery, and is therefore premature.

INTERROGATORY NO. 16:
For each asserted claim of the Patents-in-suit, describe in detail all secondary considerations of nonobviousness (objective indicia of nonobviousness) of the claimed invention, including all facts, documents and evidence supporting your contention that a nexus exists between each secondary consideration of nonobviousness and the claimed invention.

RESPONSE TO INTERROGATORY NO. 16:
Amgen objects to this Interrogatory as premature to the extent it seeks legal conclusions or requires legal conclusions. Amgen objects to this Request to the extent it calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common-interest doctrine, and/or any other privilege or immunity from disclosure recognized by law. Amgen further objects to this Interrogatory as seeking information that is properly within the scope of expert discovery, and is therefore premature.

Ex. B at 8.

On August 4, 2016, the presiding judge in this matter, the Honorable Richard Seeborg, construed the disputed claims of the patents-in-suit. Claim Construction Order, Dkt. No. 205. Fact discovery closes on May 10, 2017, and expert reports are scheduled to be disclosed on June 16, 2017. Case Management Order, Dkt. No. 220 at 1-2.

**LEGAL STANDARD**

A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). There is "a shared

1 responsibility on all the parties to consider the factors bearing on proportionality before
2 propounding discovery requests, issuing responses and objections, or raising discovery disputes
3 before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25,
4 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing
5 advisory committee notes for proposition that parties share a "collective responsibility" to
6 consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of
7 th[e] case").

## DISCUSSION

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). A party may not object to an interrogatory "merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Id.*

Amgen objects to Interrogatory Nos. 15 and 16 as premature on the ground that the Interrogatories seek information within the scope of expert discovery. Jt. Ltr. at 4. Amgen agrees to "provide the information that Sandoz seeks, but it will do so during expert discovery under the schedule set forth by the Court." *Id.* at 5. Sandoz disputes that Interrogatory Nos. 15 and 16 elicit expert opinion; rather, it argues that "[e]ach interrogatory has factual elements[,]" and that "Amgen cannot hide the facts and sources of information that support its contentions until fact discovery is over and Sandoz's opportunity to test the veracity of those claims has past." *Id.* at 3.

"Contention interrogatories have a factual element and can be a useful device in narrowing issues." *Hitkansut LLC v. United States*, 127 Fed. Cl. 101, 107 n.2 (2016). However, interrogatories are improper where they ask the respondent to provide an expert opinion. *See Montgomery v. Wal-Mart Stores, Inc.*, 2015 WL 11233384, at *6 (S.D. Cal. July 17, 2015). Nonobviousness determinations are made from the perspective of "a person having ordinary skill in the art." 35 U.S.C. § 103; *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1352 (Fed. Cir. 2013) ("Whether a claim is invalid for obviousness is determined from the perspective of one of ordinary skill in the art." (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398,

1  420 (2007)). Establishing this perspective generally requires expert testimony or opinion. *See,*
2  *e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 2571332, at *2 (N.D. Cal. June 30, 2012)
3  (considering motion to exclude expert testimony on ground that witness was unqualified on the
4  perspective of persons having ordinary skill in the art).

5　　　　Interrogatory Nos. 15 and 16 are not improper to the extent they seek only facts, not how
6  an expert would construe those facts. Interrogatory No. 15 seeks the factual basis for Amgen's
7  allegations, information to which Sandoz is entitled. *See* Fed. R. Civ. P. 26(b)(1); *see D&D*
8  *Techs. (USA), Inc. v. Safetech Hardware Inc.*, 2013 WL 12142955, at *2 (C.D. Cal. Nov. 8, 2013)
9  (ordering responding party to supplement responses to interrogatories that sought "the legal and
10 factual bases for [d]efendant's contentions that [p]laintiff's patent is invalid and anticipated or
11 made obvious by prior art."). As to Interrogatory No. 16, considerations of obviousness or
12 nonobviousness may require expert testimony. *See Divix Golf Inc. v. Mohr*, 2011 WL 12556367,
13 at *11 (S.D. Cal. Aug. 19, 2011), *aff'd*, 579 F. App'x 994 (Fed. Cir. 2014) ("[T]he question is not
14 whether the . . . mechanism was obvious to . . . the inventor . . . , but to a person of ordinary skill
15 in the art. Without expert testimony on this subject, the Court is bereft of the necessary evidence
16 it needs to make this determination."); *Ormco Corp. v. Align Tech., Inc.*, 2009 WL 9294893, at *6
17 (C.D. Cal. Feb. 23, 2009) ("[T]he law does not require an expert opining from the perspective of
18 'one of ordinary skill in the art' to have the same qualifications as the inventor, as long as they are
19 "sufficiently qualified to construe the patent and understand the design and components of the
20 claimed invention and the relevant prior art." (internal quotation marks omitted)). But to the
21 extent Interrogatory No. 16 seeks facts, as opposed to expert testimony, Amgen must respond.
22 The fact that expert reports are not due until June 16, 2017 does not excuse Amgen from
23 disclosing responsive information regarding the underlying factual bases of its claim. *See Bayer*
24 *Healthcare Pharm., Inc. v. River's Edge Pharm., LLC*, 2015 WL 11142425, at *7 (N.D. Ga. July
25 31, 2015), *report and recommendation adopted*, 2015 WL 11142428 (N.D. Ga. Sept. 22, 2015)
26 (The "[i]nterrogatory . . . did not ask for the expert's opinion or a conclusion of law, which, of
27 course, would have been rightfully objectionable. Rather, the interrogatory asked which facts and
28 legal theories Plaintiffs intend to rely on. The fact that an expert would ultimately put the facts

4

together to support the legal theory in an opinion is of no consequence as to whether a responding party must timely supplement such an interrogato[r]y.").

Finally, "[w]hile contention interrogatories are permitted, they 'are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses.'" *Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) (quoting *Mancini v. Ins. Corp. of N.Y.*, 2009 WL 1765295 *3 (S.D. Cal. June 18, 2009)). As such, "courts can also modify the language in each interrogatory to seek 'the material or principal facts' instead of 'all facts.'" *Id.* (internal quotation marks omitted). The Court therefore will only require Amgen to state those facts that are material.

## CONCLUSION

Amgen shall respond to Interrogatory Nos. 15 and 16 no later than April 20, 2017; however, Amgen's responses shall be limited to material facts and shall not include any expert opinions.

**IT IS SO ORDERED.**

Dated: April 13, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge