UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC., ET AL., <br>     Plaintiffs, <br> v. <br> SANDOZ INC., et al., <br>     Defendants. | Case No. 14-cv-04741-RS (MEJ) <br> **DISCOVERY ORDER** <br> Re: Dkt. No. 224 |

## INTRODUCTION

Plaintiffs Amgen, Inc. and Amgen Manufacturing, Ltd. (collectively, "Amgen") sue Defendants Sandoz Inc., Sandoz International GmbH, and Sandoz GmbH (collectively, "Sandoz") for patent infringement. Pending before the Court is the parties' joint discovery letter brief regarding Amgen's amendment of its infringement contentions with respect to Patent No. 6,162,472 (the "'427 patent"). Jt. Ltr., Dkt. No. 224. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

The '427 patent claims methods of using filgrastim in combination with a chemotherapeutic agent in patients undergoing stem cell transplantation. Jt. Ltr. at 1. On October 15, 2015, and pursuant to Patent Local Rule 3-6, Amgen served Sandoz with its first amended infringement contentions. Amgen asserts that Sandoz's filgrastim product infringes on claims of Amgen's '427 patent. *Id.* On August 4, 2016, the presiding judge in this matter, the Honorable Richard Seeborg, issued an Order construing the claims of the '427 patent. Order Construing Claims, Dkt. No. 205. On October 28, 2016, Judge Seeborg issued a Case Management Order, setting the deadline for fact discovery as May 10, 2017. Dkt. No. 220.

On February 7, 2017, Amgen served Sandoz with its proposed second amended infringement contentions with redlines showing the anticipated changes. Jt. Ltr. at 1; *see id.*, Ex. 1 (redlined version of proposed amendment). Sandoz opposes the amendment, and the parties filed the instant letter on April 12, 2017.[1]

## LEGAL STANDARD

"The local patent rules in the Northern District of California . . . require[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). To ensure this early notification, Patent Local Rule 3-1 requires "a party claiming patent infringement to serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions'" no later than fourteen days after the initial case management conference.

Patent "Local Rule 3-6 serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *Slot Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 1278744, at *2 (N.D. Cal. Apr. 6, 2017) (internal quotation marks omitted). Nonetheless, "'[a]lthough federal courts are generally lenient in allowing parties to amend pleadings, such is not the case with amending preliminary infringement contentions.'" *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.* ("*Karl Storz III*"), 2016 WL 7386136, at *2 (N.D. Cal. Dec. 21, 2016) (quoting *Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *2 (N.D. Cal. Apr. 25, 2006)).

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Good cause under the local rules is subject to a two-part inquiry, which considers whether: (i) the moving party has shown diligence in amending its contentions, and (ii) the non-moving party will not suffer undue prejudice." *Collaborative Agreements, LLC v. Adobe Sys. Inc.*, 2016 WL 1461487, at *4 (N.D. Cal. Apr. 14, 2016) (internal

---

[1] Amgen also filed a second, unopposed Motion for Leave to Amend Infringement Contentions regarding another patent. *See* Dkt. No. 226. The Court will address that Motion separately.

quotation marks, edits, and footnote omitted). "Diligence is 'the critical issue' in the good cause determination." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.* ("*Karl Storz II*"), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (quoting *Sunpower Corp. Sys. v. Sunlink Corp.*, 2009 WL 1657987, at *1 (N.D. Cal. June 12, 2009)). Absent undue prejudice, circumstances that support a finding of good cause may include, but are not limited to:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
> (b) Recent discovery of material, prior art despite earlier diligent search; and
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6.

To demonstrate it acted diligently, a party must show "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Advanced Micro Devices, Inc. v. LG Elecs.*, Inc., 2017 WL 732896, at *3 (N.D. Cal. Feb. 24, 2017). The moving party bears the burden of showing diligence. *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012); *see also Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 3725255, at *1 (N.D. Cal. July 28, 2014) ("'The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence.'" (quoting *Karl Storz Endoscopy–Am., Inc. v. Stryker Corp.* ("*Karl Storz I*"), 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011))).

**DISCUSSION**

In its proposed second amended infringement contentions, Amgen seeks "to address a claim construction by the Court different from that proposed by Amgen." Jt. Ltr. at 1; *see* Order Construing Claims at 9-13, 32 (for Claim 1, adopting Sandoz's interpretation of "disease treating-effective amount of at least one chemotherapeutic agent"); *id.* at 17-19, 32 (for Claim 4, adopting Sandoz's interpretation of "wherein the at least one chemotherapeutic agent opens the endothelial barrier of the patient to render the endothelial barrier permeable for stem cells"). Sandoz opposes the amendment, arguing Amgen did not act diligently in serving its proposed amended infringement contentions or in seeking leave to amend. Jt. Ltr. at 3-5.

3

"When . . . a court adopts the proposed construction of the non-moving party, the 'diligence of the moving party is measured from the day the moving party received the proposed constructions, not the date of the issuance of the Court's claim construction opinion.'" *Aylus Networks, Inc. v. Apple Inc.*, 2015 WL 12976113, at *1 (N.D. Cal. June 2, 2015) (quoting *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 1899616, at *4 (N.D. Cal. May 12, 2014)); *see Karl Storz III*, 2016 WL 7386136, at *4 ("[T]he district court's constructions did not differ materially from the constructions proposed by the parties and [plaintiff] must therefore demonstrate diligence from January 12, 2015."); *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014) (defendant "was given notice of the[] proposed constructions by at least October 26, 2012 when the parties exchanged their preliminary claim constructions. [] Therefore, [defendant] was aware of the risk that the Court could adopt these constructions by October 2012, yet it waited until more than a year later to seek amendment of its invalidity contentions." (citing *Cisco Sys., Inc. v. Teleconference Sys., LLC.*, 2012 WL 9337627, at *3 (N.D. Cal. June 11, 2012)).

Based on these authorities, the undersigned cannot find Amgen acted diligently. Amgen was aware of the possibility that Judge Seeborg could adopt Sandoz's constructions when Sandoz filed its responsive claim construction brief on April 15, 2016. *See* Dkt. No. 170. As such, Amgen must show it acted diligently from this date. Amgen's arguments regarding diligence are sparse; at most, Amgen contends it "disclosed its amendments with more than three months left in fact discovery and before a single deposition was taken." Jt. Ltr. at 2. Amgen waited approximately ten months after being placed on notice by Sandoz's claim construction brief to serve its proposed second amended infringement contentions on Sandoz, and nearly a year to seek leave to amend. As Amgen provides no explanation for the delay, the Court cannot find it diligently sought to amend its contentions. *See Aylus Networks*, 2015 WL 12976113, at *2 (assessing diligence from date defendant received plaintiff's proposed construction and finding eight-month delay was not diligent).

But some courts, including the undersigned, "have rejected the date-of-disclosure rule and have instead measured diligence from the date of the claim construction order." *Word to Info Inc.*

4

*v. Facebook Inc.*, 2016 WL 6276956, at *4 (N.D. Cal. Oct. 27, 2016) (citing, among other cases, *Chrimar Sys. v. Cisco Sys.*, 2015 U.S. Dist. LEXIS 73935, *4 (N.D. Cal. May 14, 2015), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 73931, *4 (N.D. Cal. June 8, 2015)[2]). "Courts generally have granted leave to amend following a claim construction order where the moving party's proposed amendments addressed a construction that neither party proposed, which is not the case here." *Slot Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 1278744, at *4 (N.D. Cal. Apr. 6, 2017) (collecting cases). Even evaluating Amgen's diligence based on the time it took Amgen to amend its contentions after Judge Seeborg construed the claims, the undersigned still finds Amgen did not act diligently. Amgen disclosed its proposed amendments to Sandoz on February 7, 2017, approximately six months after Judge Seeborg's Order Construing Claims. Jt. Ltr. at 1. Amgen does not explain the reason for its delay, nor does Amgen address why it filed this letter two months thereafter, and eight months after Judge Seeborg's Order. Given this delay, and absent any explanation for it, the Court finds Amgen has not diligently sough to amend. *See Via Techs., Inc. v. ASUS Comput. Int'l*, 2017 WL 396172, at *3 (N.D. Cal. Jan. 30, 2017) (finding plaintiff did not diligently seek to amend its contentions where it waited two-and-a-half months after court's claims construction order to serve proposed amendments and another two weeks to filed those amendments with the court); *Cisco Sys.*, 2012 WL 9337627, at *2-3 (rejecting plaintiff's argument that it diligently sought leave to amend three months after court construed claims, where plaintiff investigated amendment only after court construed term); *cf. Tech. Props. Ltd. LLC v. Canon Inc.*, 2016 WL 1360756, at *5 (N.D. Cal. Apr. 6, 2016) (finding "[p]laintiffs . . . established diligence in seeking leave to amend one month after the court issued the claim construction order.").

Because the Court finds Amgen has not acted diligently, it need not consider whether Sandoz would be unduly prejudiced by such amendment. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006) ("Having concluded that the district court could properly conclude that [the plaintiff] did not act diligently in moving to amend its

---

[2] The Court does not have access to a Westlaw citation for this case.

5

infringement contentions, we see no need to consider the question of prejudice to [the defendant]."); *Karl Storz II*, 2016 WL 2855260, at *3 (citing *Acer, Inc. v. Tech. Props. Ltd.*, 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010)); *Tech. Props. Ltd. LLC v. Canon Inc.*, 2016 WL 1360756, at *2 (N.D. Cal. Apr. 6, 2016).

## CONCLUSION

Based on the foregoing analysis, the Court finds Amgen did not diligently seek to amend its infringement contentions. Accordingly, the Court denies Amgen's Motion to amend its contentions.

**IT IS SO ORDERED.**

Dated: April 18, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge