UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC., ET AL.,<br><br>   Plaintiffs,<br><br> v.<br><br>SANDOZ INC., et al.,<br><br>   Defendants. | Case No. 14-cv-04741-RS (MEJ)<br><br>**ORDER RE: MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 227 |

## INTRODUCTION

On April 13, 2017, Plaintiffs Amgen Inc. and Amgen Manufacturing, Ltd. (collectively, "Amgen") move to file under seal Exhibit A to the Maniscalco Declaration in Support of Amgen's Motion for Leave to Amend Infringement Contentions. Sealing Mot., Dkt. No. 227; Maniscalco Decl., Ex. A, Dkt. No. 226-1. In support of Amgen's Motion, Maniscalco declares Defendant Sandoz[1] designated Exhibit A as "Highly Confidential – BLA Material" pursuant to the parties' protective order. Maniscalco Sealing Decl. ¶ 2, Dkt. No. 227-1; Protective Order, Dkt. No. 60. Having considered the parties' arguments and the relevant legal authority, the Court **GRANTS** Amgen's Motion for the following reasons.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons

---

[1] Amgen does not specify whether "Sandoz" refers to Sandoz Inc., Sandoz International GmbH, or Sandoz GmbH.

supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public"). Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

But the presumption does not apply in the same way to non-dispositive motions, "such that the usual presumption of the public's right of access is rebutted." *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Good cause" is the proper standard when parties wish to keep records attached to a non-dispositive motion under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

## DISCUSSION

Where a party seeks to file under seal any material designated as confidential by another party, the submitting party must request a sealing order. *See* Civil L.R. 79-5(d)-(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable." *Id.* at 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." *Id.* at 79-5(e)(2).

Pursuant to Rule 79-5(e)(1), Josephine Liu, Head of U.S. Intellectual Property at Sandoz Inc., submitted a declaration supporting Sandoz's confidentiality designations. Liu Decl., Dkt. No. 229. Liu explains Exhibit A "contains confidential information concerning Sandoz's manufacturing and purification processes for Zarxio, Sandoz's biosimilar filgrastim product." *Id.* ¶ 2. She contends Sandoz's competitors could use this information to Sandoz's disadvantage; Sandoz accordingly takes "careful measures" to ensure that it is not disclosed to the public so as to avoid substantial harm. *Id.* Sandoz demonstrates good cause for sealing Exhibit A to Amgen's

2

nondispositive motion, and the Court finds Exhibit A is sealable. "[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigants competitive standing[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal citations omitted). Accordingly, the Court **GRANTS** Amgen's Motion.

**IT IS SO ORDERED.**

Dated: April 18, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge