UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMGEN INC., ET AL.,
    Plaintiffs,

v.

SANDOZ INC., et al.,
    Defendants.

Case No. 14-cv-04741-RS (MEJ)

**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 235

On April 28, 2017, Sandoz GmBH, Sandoz Inc., Sandoz International GmbH (collectively, "Sandoz") filed an administrative motion to file under seal portions of a joint discovery letter and the exhibits attached thereto. Mot., Dkt. No. 235; Jt. Ltr., Dkt. No. 236. Sandoz seeks to file portions of the Joint Letter that contain information that Sandoz and Plaintiffs Amgen Inc. and Amgen Manufacturing, Ltd. (collectively, "Amgen") designated as confidential. Having considered the parties' positions and the relevant legal authority, the Court **GRANTS** Sandoz's Motion.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm

they would suffer if their product-specific financial information were made public"). Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

But the presumption does not apply in the same way to non-dispositive motions, "such that the usual presumption of the public's right of access is rebutted." *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Good cause" is the proper standard when parties wish to keep records attached to a non-dispositive motion under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

## DISCUSSION

The good cause standard applies to the parties' non-dispositive Joint Letter. *See Welle v. Provident Life & Accident Ins. Co.*, 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013). To demonstrate good cause exists to seal portions of the Joint Letter, Sandoz submits the Declaration of Josephine Liu, and Amgen submits the Declaration of Kimberlin L. Morley. Liu Decl., Dkt. No. 235-1; Morley Decl., Dkt. No. 238).

Liu, Head of U.S. Intellectual Property Litigation at Sandoz Inc., explains that the portions of the Joint Letter sought to be sealed contain confidential information regarding Sandoz's manufacturing and purification processes for Zarxio. Liu Decl. ¶ 2. Morley, Senior Counsel in Amgen Inc.'s Intellectual Property & Litigation group, avers the Joint Letter contains information about Amgen's manufacturing and purification processes for Neupogen, its filgrastim product. Morley Decl. ¶ 2. The information regarding Zarxio and Neupogen has been designated "Highly Confidential – BLA Material" pursuant to the parties' protective order. Liu Decl. ¶ 2; Morley Decl. ¶ 2; *see* Protective Order, Dkt. No. 60. If this information were to be made public, Sandoz's and Amgen's competitors could use it to each party's disadvantage, causing them to suffer substantial harm. *Id.* (both).

Sandoz and Amgen demonstrate good cause for sealing portions of the Joint Letter. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing[.]"); *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2014)

(material that, if disclosed, would cause litigant competitive harm is sealable under either good cause or compelling reasons standards). Moreover, the proposed redactions are narrowly tailored and seek to seal only confidential information. *See* Civ. L.R. 79-5(b).

For the foregoing reasons, the Court **GRANTS** Sandoz's Motion to File under Seal.

**IT IS SO ORDERED.**

Dated: May 4, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge