UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC., ET AL.,<br>　　　　Plaintiffs,<br>　　v.<br>SANDOZ INC., et al.,<br>　　　　Defendants. | Case No. 14-cv-04741-RS (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 236 |

## INTRODUCTION

Plaintiff Amgen Inc. ("Amgen") and Defendant Sandoz Inc. ("Sandoz") filed a joint discovery letter, in which Sandoz seeks an order for Amgen to produce a witness on Topic 35 of Sandoz's Federal Rule of Civil Procedure 30(b)(6) notice of deposition. Jt. Ltr., Dkt. No. 236. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015

1  amendments). Thus, there is "a shared responsibility on all the parties to consider the factors
2  bearing on proportionality before propounding discovery requests, issuing responses and
3  objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016
4  WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at
5  *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a
6  "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor
7  their efforts to the needs of th[e] case").

**DISCUSSION**

On March 7, 2017, Sandoz served Amgen with a Rule 30(b)(6) notice of deposition, which included Topic No. 35: "To the best of Amgen's knowledge, whether and to what degree filgrastim binds to ▮ ion exchange resins, including specifically ▮ anion exchange resin." Jt. Ltr., Ex. A at 8. Amgen objects on grounds that Topic 35 lacks specificity, is overbroad, and is inappropriate for a fact witness, as it requires an expert opinion. Jt. Ltr. at 2; *id.*, Ex. B at 24. Sandoz counters that it should be allowed to question an Amgen witness regarding Amgen's ▮ and whether filgrastim binds to them because "[t]he question of whether filgrastim binds to ▮ ion exchange resins is fundamental to Amgen's theory of infringement." Jt. Ltr. at 1.

As Amgen's infringement contention is based in part on the use of ▮ resins, Sandoz is entitled to seek information about Amgen's use of ▮ resins to purify filgrastim. But Topic No. 35 does not reflect this: it does not specifically address Amgen's use of ▮ resins. Rather, as written, it seeks information about how filgrastim and ▮ resins interact generally. Sandoz does not argue that it cannot obtain this information from a source other than a Rule 30(b)(6) witness.

Amgen states it has offered to provide a witness if Sandoz tailors Topic No. 35, for instance, to address the specific way(s) Amgen uses the ▮ resin. Jt. Ltr. at 3. The Court orders Sandoz to so tailor Topic No. 35. To the extent the narrowed Topic No. 35 does not require an expert opinion or testimony, Amgen shall produce a Rule 30(b)(6) witness.

//

**IT IS SO ORDERED.**

Dated: May 5, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge