UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC., ET AL.,<br>　　　　　　　Plaintiffs,<br>　　v.<br>SANDOZ INC., et al.,<br>　　　　　　　Defendants. | Case No. 14-cv-04741-RS (MEJ)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 263 |

### INTRODUCTION

　　Defendants Sandoz, Inc.; Sandoz International GmbH; and Sandoz GmbH (collectively, "Sandoz") filed a motion to file under seal two joint discovery letters and the undersigned's July 17, 2017 Discovery Order. Mot., Dkt. No. 263; *see* First Ltr., Dkt. No. 255; Third Ltr., Dkt. No. 261; Disc. Order, Dkt. No. 262. The Court found Sandoz's initial requests to seal the discovery letters were not narrowly tailored, but allowed Sandoz an opportunity to renew the motions to comport with Civil Local Rule 79-5(b). Disc. Order at 1-4. In addition, the Court allowed the parties to file a motion to seal what they deemed confidential information discussed in the Discovery Order. *See* Dkt. No. 262 Docket Text. Having considered Sandoz's arguments, the relevant legal authority, and the record in this case, the Court issues the following order.

### LEGAL STANDARD

　　There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records relating to motions that are "more than tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098

(9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016), a party must "articulate compelling reasons supported by specific factual findings," *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citation omitted). Indeed, such showing is required even where "the [] motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

The strong presumption of public access to judicial documents applies to such motions because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id.* The presumption does not apply in the same way to motions that are "not related, or only tangentially related, to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1099. With such motions, "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party seeking to seal documents attached to such motions nevertheless must meet the lower "good cause" standard under Rule 26(c). *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). This requires the party to make a "particularized showing" that "specific prejudice or harm" will result if the information is disclosed. *Phillips*, 307 F.3d at 1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks and edits omitted).

## DISCUSSION

As the Motion concerns discovery matters only tangentially related to the merits of the case, the Court applies the "good cause" standard to the Motion to Seal. *See Phillips*, 307 F.3d at 1213 ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.").

In support of its renewed Motion, Sandoz submits the Declaration of Josephine Liu, Sandoz Inc.'s Head of U.S. Intellectual Property Litigation. *See* Liu Decl., Dkt. No. 263-1. Liu declares the information sought to be sealed "concern[s] Sandoz's manufacturing and purification processes for Sandoz's biosimilar filgrastim and pegfilgrastim products." *Id.* ¶ 2. Specifically, the joint letters and the Discovery Order discuss "details about one of Sandoz's purification methods[]

and . . . the exact number of additional steps Sandoz performs before and after that purification step in the manufacturing process[,]" as well as "communications between Sandoz and the FDA about Sandoz's pegfilgrastim product." *Id.* Liu further avers "[d]isclosure of this information would harm Sandoz because this information could be used by Sandoz's competitors to Sandoz's disadvantage" as "Sandoz would suffer substantial harm if this information were disclosed to the public or Sandoz's competitors." *Id.*

In light of Liu's representations, the Court finds good cause exists to seal the joint letters and the Discovery Order. Moreover, Sandoz's proposed redactions address the Court's concerns that it seek to seal only sealable material. *See* Disc. Order at 3; Civ. L.R. 79-5(b). Accordingly, the Court GRANTS the renewed Motion.

**IT IS SO ORDERED.**

Dated: August 4, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3